# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**ERIC DE'JUAN JONES, #50222**　　　　　　　　　　　　　　　　**PETITIONER**

**VERSUS**　　　　　　　　　　　　　**CIVIL ACTION NO. 2:08-cv-260-KS-MTP**

**WARDEN B. GRIMES, et al.**　　　　　　　　　　　　　　　　　**RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Eric De'Juan Jones, an inmate at the East Mississippi Correctional Facility, Meridian, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner's suspended sentence was revoked in Lawrence County Circuit Court on April 4, 2008. Petitioner was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. In his Response [9] to this Court's Order [8] inquiring into Petitioner's state court exhaustion, Petitioner stated that he is in the process of exhausting his state court remedies. Specifically his state court appeal is pending in the Mississippi Supreme Court. [9, pp. 44-5].

Petitioner argues as grounds for habeas relief that his rights to due process were violated at his revocation hearing. Petitioner claims that he was not allowed to speak, defend himself, present any evidence or call witnesses at his revocation hearing in violation of his rights to due process. [1, p. 3].

After reviewing Petitioner's application for habeas corpus relief [1] and his response [9]and giving it liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his

claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

It is clear that Petitioner has not exhausted his state remedies since he has stated that his appeal is still pending at the Mississippi Supreme Court in his Response [9] to this Court's Order [8]. Further, Petitioner complains that he has "no effective process to dispute the state court's

factual findings which are erroneous and construed to prejudice" his claims. [9] p. 3. However, he actually sets forth no factual allegations that would confirm either the "absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect [his] rights," as required by the terms of 28 U.S.C. § 2254(b)(1)(B)(i) & (ii) in order for exhaustion to be waived. In fact, Petitioner's appeal was filed at the Mississippi Supreme Court on February 23, 2009, and is proceeding. As such, Petitioner's application will be dismissed for failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

**SO ORDERED AND ADJUDGED**, this the 31st day of July, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE